FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 04, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSHUA ALLEN F.,[1]<br>　　　　　Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,<br>　　　　　Defendant. | No. 2:19-cv-00394-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 14, 15 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 14, 15. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion, ECF No. 14, and grants Defendant's motion, ECF No. 15.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are

ORDER - 2

supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §

ORDER - 3

416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess

ORDER - 4

the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

ORDER - 5

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff received Supplemental Security Income (SSI) benefits as a child due to attention deficit hyperactivity disorder (ADHD) and anxiety-related disorders. Tr. 15, 79. The Social Security Administration (SSA) reconsidered, as it must, Plaintiff's eligibility to receive benefits when he attained 18 years of age. 42 U.S.C. § 1382c(a)(3)(H)(iii). Under the rules for adults, Plaintiff's application was denied initially, Tr. 92-93, and upon reconsideration, Tr. 126-34. Plaintiff appeared for a hearing before an administrative law judge (ALJ) on November 15, 2018. Tr. 32-60. On December 21, 2018, the ALJ denied Plaintiff's claim. Tr. 12-31.

The ALJ skipped step one because it is not relevant in age-18 disability redeterminations. Tr. 16; 20 C.F.R. § 416.987(b); *Zavalin v. Colvin*, 778 F.3d 842, 844 (9th Cir. 2015). At step two, the ALJ found that Plaintiff has the following

ORDER - 6

severe impairments: ADHD, borderline intellectual functioning, and oppositional defiant disorder. Tr. 17.

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. Tr. 18. The ALJ then concluded that Plaintiff has the RFC to perform a full range of work at all exertional levels with the following nonexertional limitations:

> [Plaintiff] is limited to simple, routine, repetitive tasks that require a reasoning level of two or less; he can have only superficial contact with the public; and he can have only occasional contact with supervisors.

Tr. 19.

At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 23. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as hand packager, industrial cleaner, and production assembler. Tr. 23-24. Alternatively, the ALJ found that when more restrictions were added to the RFC, such as a limitation to a routine, predictable work environment with no fast-paced production work, Plaintiff could still perform the jobs of hand packager, industrial cleaner, and production assembler. Tr. 24. Therefore, the ALJ concluded that

ORDER - 7

Plaintiff was not under a disability, as defined in the Social Security Act, from November 16, 2016 through the date of the decision. Tr. 24.

On September 19, 2019, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ conducted a proper step-three analysis; and
2. Whether the ALJ erred by failing to conduct a medical improvement analysis.

ECF No. 14 at 10.[2]

---

[2] In his Motion for Summary Judgment, Plaintiff asserts that the ALJ improperly discredited his symptom claims and improperly considered and weighed the opinion evidence. ECF No. 14 at 10-11. However, Plaintiff does not provide any further argument as to either of these two issues. By failing to support his contentions with law or facts, Plaintiff waived these arguments. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("We require

ORDER - 8

# DISCUSSION

## A. Step Three

Plaintiff contends the ALJ erred at step three by finding that Plaintiff's impairments did not meet Listings 12.05A or 12.05B.  ECF No. 14 at 11-14; ECF No. 16 at 3-9.  At step three, the ALJ must determine if a claimant's impairments meet or equal a listed impairment.  20 C.F.R. § 416.920(a)(4)(iii).  The Listing of Impairments "describes for each of the major body systems impairments [which are considered] severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education or work experience."  20 C.F.R. § 416.925.  To meet a listed impairment, a claimant must establish that he meets each characteristic of a listed impairment relevant to his claim.  20 C.F.R. § 416.925(d).  If a claimant meets the listed criteria for disability, he will be found to

---

contentions to be accompanied by reasons."); *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones."); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (determining Court may decline to address on the merits issues not argued with specificity).

ORDER - 9

be disabled. 20 C.F.R. § 416.920(a)(4)(iii). The claimant bears the burden of establishing that he meets a listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Plaintiff asserts that he has established he meets Listings 12.05A and 12.05B. ECF No. 16 at 10. Listing 12.05 describes symptoms a claimant must establish to be considered intellectually disabled. Listing 12.05 requires satisfaction of an "A" or "B" criteria. 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (2018).

Listing 12.05A is met when a claimant can demonstrate:

(1) Significantly subaverage general intellectual functioning evident in your cognitive inability to function at a level required to participate in standardized testing of intellectual functioning; and

(2) Significant deficits in adaptive functioning currently manifested by your dependence upon others for personal needs (for example, toileting, eating, dressing, or bathing); and

(3) The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R. § Pt. 404, Subpt. P, App. 1.

Listing 12.05B is met when a claimant can demonstrate:

(1) Significantly subaverage general intellectual functioning evidenced by a or b:

    a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or

    b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or

ORDER - 10

        below on an individually administered standardized test of general intelligence; and

(2) Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

    a. Understand, remember, or apply information; or

    b. Interact with others; or

    c. Concentrate, persist, or maintain pace; or

    d. Adapt or manage oneself; and

(3) The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R. § Pt. 404, Subpt. P, App. 1.

    Here, the ALJ found that Plaintiff's impairments and combination of impairments did not meet or equal any listings. Tr. 18. Plaintiff argues "[w]hen the deficits of adaptive functioning are considered together with [Plaintiff's] listing level IQ," he would meet Listings 12.05A and 12.05B. ECF No. 16 at 7-8. However, the ALJ highlighted that no acceptable medical source opined that the severity of Plaintiff's conditions met or medically equaled any listing. Tr. 18. The ALJ also determined that Plaintiff did not have an extreme limitation of one, or marked limitation of two, of the identified areas of mental functioning. Tr. 19. Instead, the ALJ found that Plaintiff had only moderate limitations in understanding, remembering, or applying information, concentrating, persisting, or maintaining pace, and interacting with others, and only a mild limitation in

ORDER - 11

adapting or managing himself. Tr. 19. At the administrative hearing, Plaintiff's attorney asked Nancy Winfrey, Ph.D., the testifying medical expert, whether her opinion that Plaintiff did not meet the Listings was premised on the absence of deficits in adaptive functioning. Tr. 40. Dr. Winfrey responded, "That's one reason, but that is not the only reason." Tr. 40. While the ALJ acknowledged that Plaintiff had a full-scale IQ score of 69, which was within the low average range and consistent with intellectual disability, Tr. 21 (citing Tr. 673-77), the ALJ cited the testimony of Dr. Winfrey, explaining the cognitive tests in the record since November 2016 reflected low average intellectual functioning that had improved over time. Tr. 22. Dr. Winfrey noted that Plaintiff also had "normal cognitive functioning in his school records," Tr. 40, and pointed to the specific reports that showed normal cognitive functioning, including a Composite Intelligence Index of 95. Tr. 39 (citing Tr. 451). Dr. Winfrey testified that although IQ scores can change over time, they did not "without some really good reason for 30 points worth." Tr. 40. The ALJ gave great weight to Dr. Winfrey's opinion. Tr. 22.

Plaintiff appears to hint that Kathleen Mayers, Ph.D. may have opined that Plaintiff met or equaled a Listing. ECF No. 16 at 3-4. Plaintiff specifically cites Defendant's statement that "the ALJ pointed out that no acceptable medical source[] has opined that the severity of [Plaintiff's] conditions met or medically equaled any listing" as incorrect because Dr. Mayers is an acceptable medical

ORDER - 12

source. ECF No. 16 at 3-4 (citing ECF No. 15 at 8, Tr. 18). However, a review of Dr. Mayers' consultative examination report shows she did not opine that Plaintiff met or equaled a Listing. Tr. 672-77. The ALJ generally gave great weight to Dr. Mayers' opinion. Tr. 22-23. Plaintiff also argues that the ALJ gave great weight to the assessment of Dr. Lewis, a State Agency physician who reviewed Plaintiff's records, and that Dr. Lewis did not even consider whether Plaintiff met the Listings. ECF No. 16 at 9 (citing Tr. 22, 87-91). Plaintiff's assertion is incorrect, as Dr. Lewis did consider whether Plaintiff met the Listings, specifically evaluating whether he met Listings 12.02, 12.05, and 12.08. Tr. 85. Dr. Lewis determined that Plaintiff did not meet any Listings, and instead opined that Plaintiff was not disabled. Tr. 90.

Plaintiff argues he has deficits in adaptive functioning in more than three areas, and cites multiple examples of such deficits, including that he has never lived independently, he was in special education while in school and never finished high school, he was unable to pass the GED test, he has never been able to take a driver's license test, he has no friends, he does not know how to handle money, he forgets to take a shower and must be reminded by his stepmother, he does not do his laundry, he forgets to change his clothes, he has never worked, he is not able to go shopping by himself, and he usually stays in his room. ECF No. 14 at 14. The Court may not reverse the ALJ's decision based on Plaintiff's disagreement with

ORDER - 13

the ALJ's interpretation of the record.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("[W]hen the evidence is susceptible to more than one rational interpretation" the court will not reverse the ALJ's decision).  The ALJ reasonably relied on the medical opinions of Dr. Winfrey, Dr. Mayers, and Dr. Lewis, as well as other evidence in the record, to determine that Plaintiff did not meet or equal any Listed impairment.  Tr. 18-19.  Plaintiff does not establish that his impairment met or medically equaled the severity of Listings 12.05A or 12.05B.

Moreover, Plaintiff does not challenge the ALJ's analysis of other mental health listings with any specificity, and thus waives any argument as to listings other than Listings 12.05A and 12.05B.  *See Carmickle*, 533 F.3d at 1161 n.2; *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief).

B.    **Medical Improvement**

Plaintiff argues the ALJ erred by failing to make a finding of medical improvement.  ECF No. 14 at 15-16.  SSA regulations state that an adult who was receiving disability benefits can only later be found not disabled on redetermination if he has, among other requirements, experienced "medical improvement." 20 C.F.R. § 416.994(b).  However, the regulations require an individual who received SSI payments as a child to undergo a disability

ORDER - 14

redetermination when he attains age 18. 20 C.F.R. § 416.987(a). The regulations explicitly state that in conducting this redetermination analysis, the SSA "will not use the rules in § 416.994 for determining whether disability continues," and these are the rules that contain the "medical improvement" provisions. 20 C.F.R. § 416.987(b). Instead, in making this redetermination, the SSA applies the five step sequential evaluation used to evaluate whether adults are disabled. 20 C.F.R. § 416.987(b).

     Plaintiff contends that Dr. Winfrey, the testifying medical expert, indicated that Plaintiff experienced medical improvement because he was prescribed medication for ADHD, but she failed to explain how ADHD medication improved his condition. ECF No. 14 at 6. Despite Plaintiff's argument that this discussion was deficient, Plaintiff was a child when he began receiving disability benefits, and a redetermination of disability was conducted when he reached age 18. Tr. 15. In such situations, as the ALJ correctly explained, "the medical improvement review standard . . . does not apply." Tr. 15. Thus, the ALJ did not err when he declined to assess whether medical improvement occurred. The ALJ properly conducted the five step sequential evaluation in finding that Plaintiff was not disabled. Tr. 17-24.

ORDER - 15

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED November 4, 2020.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 16